**FLUSHING HOSPITAL AND
MEDICAL CENTER,
Plaintiff,**

v.

**LOCAL 1199, DRUG, HOSPITAL AND
HEALTH CARE EMPLOYEES UNION
RWSDU/AFL–CIO, Defendants.**

**No. 87 Civ. 6811 (KTD).**

United States District Court,
S.D. New York.

April 19, 1988.

Paul, Hastings, Janofsky & Walker, New York City, for plaintiff; Ronald Kreismann, of counsel.

Eisner & Levy, P.C., New York City, for defendant Local 1199; Daniel J. Ratner, of counsel.

**MEMORANDUM & ORDER**

KEVIN THOMAS DUFFY, District Judge.

Flushing Hospital and Medical Center (the "Hospital") moves pursuant to Fed.R. Civ.P. 56 for summary judgment vacating the Opinion and Award of Arbitrator Janet Maleson Spencer, dated June 22, 1987 (the "Award"), which reinstated Lenore Lasely ("Lasely"), a nursing attendant at the Hospital, with back pay. Local 1199, Drug, Hospital and Health Care Employees Union ("Local 1199") cross moves for summary judgment enforcing the Award.

**FACTS**

On the evening of April 20, 1986, Lasely was working as a nursing attendant at the Hospital. Arbitration Opinion and Award, Plaintiff's Notice of Motion, Exh. D. and Defendant's Notice of Motion, Exh. A. ("A."), at 2. She was working with two

part-time registered nurses ("RNs"). During the evening a patient called for assistance with his IV (intravenous) bag. Lasely responded to the call and discovered that the patient was concerned that air would enter his veins from the empty bag. A. at 2–3.

Lasely, aware that nursing attendants were not supposed to change IV bags, went in search of the RNs responsible for the floor for assistance in changing the IV bag. She searched most of the rooms on the floor and attempted to contact them over the intercom system which could be heard in the patients' rooms. During the fifteen minutes Lasely spent looking for an RN, several additional patients called for assistance. A. at 3. At this point, Lasely considered the situation an emergency in the sense that it was medically serious; it "had to be dealt with, if not instantaneously, then with all due haste." A. at 6–7. Finally, Lasely changed the IV bag herself. In changing the bag Lasely followed the procedure she was shown by an RN two years earlier and had performed approximately once each month during emergencies. Determination of Request for Reconsideration and Rehearing, Plaintiff's Notice of Motion at 1; A. at 3.

As soon as Lasely found one of the RNs, she explained what she had done. A. at 4. The RN checked the IV bag and did not find any problem. Nothing was made of the incident until two days later when Ms. Berger, the Assistant Director of Nursing, was told that the patient had complained. A. at 5. Lasely was terminated as a result of changing the IV bag. A. at 4.

The collective bargaining agreement between Local 1199 and the Hospital prohibits the termination of employees without just cause and provides for arbitration of disputes. Pursuant to this agreement Local 1199 challenged Lasely's termination at an arbitration hearing.

Arbitrator Janet Maleson Spencer determined that Lasely was not fired for just cause. Central to this determination were the findings that the orientation information provided to Lasely did not explicitly prohibit changing an IV bag, that Lasely's experiences at the Hospital had indicated that she could change an IV bag under certain limited circumstances, that Lasely had sought the assistance of a registered nurse, and that Lasely reasonably believed that she was acting correctly under the circumstances. Lasely was ordered reinstated "with full back pay, minus interim earnings, and with no loss of benefits or seniority." A. at 10.

The Hospital requested reconsideration based on factual errors in the Award. Arbitrator Spencer denied the request in a written opinion which explained that the cited inaccuracies did not affect her decision.

## DISCUSSION

■ The parties do not dispute that this matter was properly submitted to an arbitrator pursuant to their collective bargaining agreement. Nor do they challenge the power of the arbitrator to conduct the hearing and issue an award. Judicial review of such an arbitration award is extremely limited.

> The courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract. " ... The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards." As long as the arbitrator's award "draws its essence from the collective bargaining agreement," and is not merely "his own brand of industrial justice," the award is legitimate.

*United Paperworkers International Union, AFL–CIO v. MISCO,* —— U.S. ——, ——, 108 S.Ct. 364, 370, 98 L.Ed.2d 286 (1987) (quoting *Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 596–97, 80 S.Ct. 1358, 1360–61, 4 L.Ed.2d 1424 (1960)). *See also,* 9 U.S.C. § 10 (1982).

There is an exception to the usual standard of limited judicial review of arbitration awards. The rule is that

> a court's refusal to enforce an arbitrator's interpretation of [a collective bargaining agreement] is limited to situa-

tions where the contract as interpreted would violate "some explicit public policy" that is "well defined and dominant, and is to be ascertained 'by reference to the laws and legal precedents and not from general considerations of supposed public interests.' "

*United Paperworkers,* — U.S. at —, 108 S.Ct. at 373 (quoting *W.R. Grace & Co. v. Local Union 759,* 461 U.S. 757, 766, 103 S.Ct. 2177, 2183, 76 L.Ed.2d 298 (1983) (quoting *Muschany v. United States,* 324 U.S. 49, 66, 65 S.Ct. 442, 451, 89 L.Ed. 744 (1945)) (emphasis omitted). *See also Local One Amalgamated Lithographers v. Stearns & Beale,* 812 F.2d 763, 768–69 (2d Cir.1987). This is, however, a narrow exception. It turns on "whether the award created any *explicit conflict* with other 'laws and legal precedents.' " *United Paperworkers,* — U.S. at —, 108 S.Ct. at 373 (emphasis added).

 The Hospital argues that the Award reinstating Lasely fits under the exception to limited judicial review in that it is contrary to a well accepted and deep rooted public policy against the unlicensed practice of professional nursing. In support of its argument the Hospital points to the New York Education Law §§ 6903, 6512 and 6509 (McKinney Supp.1987). These sections, respectively, prohibit the unlicensed practice of nursing and obligate a hospital to ensure compliance with the prohibitions. In addition, the Hospital points to its common-law obligations to supervise and ensure competence of its employees.

The cases cited to support the argument that the Award is contrary to public policy, however, differ from this case in one important aspect: each involves the reinstatement of an employee who showed a propensity for continuing wrongful and dangerous conduct. For example, in *Iowa Elec. Light and Power v. Local Union 204 of the International Brotherhood of Elec. Workers,* 834 F.2d 1424 (8th Cir.1987), the arbitration award reinstated a nuclear power plant employee who was discharged for deliberately disengaging a system designed to protect the public from exposure to harmful radiation. The act was both a violation of safety measures required by law and in contravention of direct instructions from a superior. *Id.* at 1424–26. The award was vacated based on the finding that it was contrary to national public policy concerning safety at nuclear power plants. *Id.* at 1426. Central to the court's decision was the finding that the employee was "no longer to be trusted to work in such a critical environment when he shows no respect for the safety implications of his actions and when he is willing to jeopardize the safety of the public...." *Id.* at 1429.

No threat of continuing wrongful conduct is present in this case. The arbitrator specifically found that Lasely acted out of concern for the patient's health and safety and "that her performance ... was condoned if not invited." Award at 9. The Hospital is now aware that it must make it clear to nursing attendants that they are not allowed to perform procedures such as changing an IV bag. Lasely has been reprimanded and told in unequivocal terms that she is never to change an IV bag; there is no reason to believe that she will disobey that directive.

The potential danger to which the public is subjected, if any, as the result of Lasely's reinstatement to her nursing attendant duties does not rise to the level of that in *Iowa Elec. Power,* 834 F.2d 1424. Nor does the reinstatement create an explicit conflict with another law or legal precedent such that it would fall into the very limited category of reviewable decisions described in *W.R. Grace & Co.,* 461 U.S. 757, 103 S.Ct. 2177 and *United Paperworkers International,* — U.S. at —, 108 S.Ct. at 364. Therefore, this matter is not excepted from the general rule against judicial intervention.

Plaintiff's motion to vacate the Award is denied, and defendant's motion to enforce the Award is granted.

SO ORDERED.